Paul S. Doherty, III, Esq.
**HARTMANN DOHERTY ROSA**
**BERMAN & BULBULIA, LLC**
65 Route 4 East
River Edge, NJ 07661
(201) 441-9056
*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

<table>
<tr>
<td>

FRANK RUSSIN and FRANK TORLUCCI,
individually and on behalf of all
others similarly situated,

          Plaintiffs,

   - vs -

SELECTOFLASH, INC., VALERIE
SHONDEL, WILLIAM JOSEPH ("Joe")
SHONDEL, ESTELLE PEEPAS  and
VALLEY NATIONAL BANK,

        Defendants.

</td>
<td>

Civil Action No. 11-cv-06459
[CCC-JAD]

     CIVIL ACTION

**AMENDED COMPLAINT & JURY DEMAND**

</td>
</tr>
</table>

Plaintiffs  Frank  Russin  residing  at  208  Hamilton  Avenue,
Clifton,  New  Jersey  07111  and  Frank  Torlucci  residing  at  1995
Winding  Brook  Way,  Scotch  Plains,  New  Jersey  07076  (collectively
"Plaintiffs")  by  way  of  Amended  Complaint  against  SelectoFlash,
Inc.,  located  at  18  Central  Avenue,  West  Orange,  New  Jersey  07052,
Valerie  Shondel,  residing  at  20  Pepperidge  Tree  Terrace,  Kinnelon,
New  Jersey  07405,  William  Joseph  ("Joe")  Shondel,  residing  at  34
Tromley  Court,  Morristown,  New  Jersey,  Estelle  Peepas,  residing  at
20  Brush  Hill  Road,  Kinnelon,  New  Jersey  07405  and  Valley  National

Bank, located at 1455 Valley Road, Wayne, New Jersey 07470, hereby allege and say:

## NATURE OF THE ACTION

1.     Plaintiffs bring this action pursuant to Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a) to recover benefits due to them under the terms of the SelectoFlash Deferred Compensation Plan ("the Plan"), an employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(2)(A), (3) and for relief from Defendants' breaches of their fiduciary duties by their misappropriation and misuse of Plan assets.

## PARTIES

2.     Plaintiff Frank Russin ("Russin") is an individual who resides in Clifton, New Jersey.  He is the former controller of SelectoFlash, Inc.  Russin is a participant in the Plan as that term is defined in Section 3(7) of ERISA, 29 U.S.C. § 1002(7).

3.     Plaintiff Frank Torlucci ("Torlucci") is an individual who resides in Scotch Plains, New Jersey.  He is the former vice president of manufacturing of SelectoFlash, Inc.  Torlucci is a participant in the Plan as that term is defined in Section 3(7) of ERISA, 29 U.S.C. § 1002(7).

4.     Defendant SelectoFlash, Inc. ("SelectoFlash" or "the Company") is a New Jersey Corporation with a principal place of business located at 18 Central Avenue, West Orange, New Jersey,

07052.   SelectoFlash was at all relevant times a design, digital imaging, package and screen printing company, which provides various types of decals, signs, displays, wraps, equipment identification, art, graphics and advertising to public entities and private companies.   Upon information and belief, SelectoFlash is a sponsor, and/or administrator, and/or fiduciary of the Plan as those terms are defined in Section 3(16), (21) of ERISA, 29 U.S.C. § 1002(16), (21).

5.   Defendant Valerie Shondel, residing at 20 Pepperidge Tree Terrace, Kinnelon, New Jersey 07405, on information and belief, was at all relevant times the CEO, President and majority shareholder of defendant SelectoFlash.   Valerie Shondel is a fiduciary of the Plan as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.   Defendant William Joseph ("Joe") Shondel, residing at 34 Tromley Court, Morristown, New Jersey, on information and belief, was at all relevant times a shareholder and the President of defendant SelectoFlash. Joe Shondel is a fiduciary of the Plan as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Joe Shondel was married to Valerie Shondel until July 2011.

7.   Defendant Estelle Peepas ("Peepas"), residing at 20 Brush Hill Road, Kinnelon, New Jersey 07405, upon information and belief was at all relevant times a shareholder of SelectoFlash.   Upon information and belief, Peepas is a fiduciary of the Plan as that

3

term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Peepas is the mother of Valerie Shondel.

8.     Defendant Valley National Bank is a bank with a principal place of business located at 1455 Valley Road, Wayne, New Jersey 07470. On information and belief, Valley National Bank loaned money to SelectoFlash and/or Shondel in or about 2009.

<u>**JURISDICTION AND VENUE**</u>

9.     This Court has jurisdiction over this matter pursuant to ERISA Sections 502(a), (e)(1) and (f), 29 U.S.C. §§ 1132(a),(e)(1) and (f), and 28 U.S.C. § 1331.  This Court possesses supplemental jurisdiction over Plaintiffs' state law and common law claims.

10.     Venue is proper under 28 U.S.C. § 1391 because all of the defendants transact business in and are subject to personal jurisdiction in this judicial district.   Furthermore, venue is proper under 29 U.S.C. § 1132(e)(2) because the Plan was administered in New Jersey and the breaches of fiduciary duties took place in New Jersey.

<u>**FACTUAL BACKGROUND**</u>

**A.   Russin and Torlucci's Participation in the Plan**

11.     Russin became an employee of SelectoFlash in or about 1986.

12.     Torlucci became an employee of SelectoFlash in or about 2000.

4

13.    Upon information and belief, SelectoFlash offered certain of its employees the opportunity to participate in the Plan as part of their compensation and benefits.

14.    The Plan operated as a "defined contribution plan," as defined in ERISA § 3(34), 29 U.S.C. § 1002(34).

15.    On or about July 14, 1992, Russin elected to participate in the Plan by entering into a Deferred Compensation Agreement ("Russin Plan Agreement") with SelectoFlash.

16.    Joe Shondel signed the Russin Plan Agreement on behalf of SelectoFlash.

17.    Under the terms of the Russin Plan Agreement, SelectoFlash agreed to make monthly contributions to a deferred annuity fund in the amount of ten (10) percent of Russin's compensation.

18.    Under the terms of the Russin Plan Agreement, income contributions to the Plan were deferred until retirement or age seventy (70), total disability, or termination of employment.

19.    On or about May 1, 2000, Torlucci elected to participate in the Plan by entering into a Deferred Compensation Agreement ("Torlucci Plan Agreement") with SelectoFlash.

20.    Joe Shondel signed the Torlucci Plan Agreement on behalf of SelectoFlash.

21.    Under the terms of the Torlucci Plan Agreement, SelectoFlash agreed to make a yearly contribution of thirteen

thousand ($13,000.00) dollars to a deferred annuity fund in lieu of paying Torlucci that amount in salary.

22.   SelectoFlash and Torlucci agreed to this arrangement in order for SelectoFlash to match the compensation Torlucci had received at his previous employer and to enable Torlucci to save money for retirement since SelectoFlash did not offer a traditional 401k plan.

23.   Under the terms of the Torlucci Plan Agreement, income contributions to the Plan were deferred until retirement, total disability, or termination of employment.

24.   Upon information and belief, SelectoFlash entered into similar deferred compensation agreements with other employees who also became Plan participants.

25.   Throughout Russin and Torlucci's employment, they continued to defer salary and/or bonuses through the Plan to save pre-tax dollars for retirement.

26.   Under the terms of the Russin and Torlucci Plan Agreements, SelectoFlash purchased tax deferred annuities which it funded with Russin and Torlucci's contributions.

27.   SelectoFlash provided monthly statements to Russin, Torlucci and other Plan participants detailing their contributions and account balances.

**B. Misappropriation of Plan Assets and Failure to Pay Benefits**

28.   Upon information and belief, at all relevant times, defendants Valerie Shondel, Joe Shondel, and Peepas had

discretionary authority in the administration of the Plan, managed contributions to the Plan, and exercised discretionary control over the management and investment of Plan assets.

29.    Upon    information    and    belief,    beginning    in    2007, SelectoFlash began to lose substantial amounts of money.   In 2009, because of continued financial difficulties, SelectoFlash entered into negotiations with Valley National Bank to obtain a loan and a line of credit and/or to modify their existing loan agreements with Valley National Bank.

30.    Upon    information    and    belief,    in    or    about    2009, SelectoFlash, at the direction of Valerie Shondel, Joe Shondel and/or Peepas, and without the permission of the Plan participants, pledged the Plan assets -- valued at approximately $370,000.00 -- as collateral for the loan(s) with Valley National Bank.

31.    Upon information and belief, Valley National Bank knew or was placed on notice of Plaintiffs' participation in the Plan through the Plaintiffs' Plan Agreements with SelectoFlash when the Plan's assets were pledged as collateral for the loan(s) with Valley National Bank.

32.    Upon    information    and    belief,    despite    knowing    of Plaintiffs' participation in the Plan through the Plaintiffs' Plan Agreements with SelectoFlash, Valley National Bank demanded that the Plan's assets be pledged as collateral for the loan(s) to SelectoFlash.

33.   Upon information and belief, in or about 2011, Valley National Bank executed against the Plan assets as collateral for SelectoFlash's delinquent loan(s).

34.   As a result, the Plan's assets have been dissipated.

35.   Russin ceased working for SelectoFlash in April 2011. Upon his separation from SelectoFlash, he demanded payment of his deferred compensation from the Plan which Defendants SelectoFlash, Valerie Shondel and Joe Shondel denied.

36.   As of May 2009 when Russin's deferred compensation annuity was improperly cashed in to pledge the monies as collateral for SelectoFlash's loan(s) with Valley National Bank, Russin had approximately $247,000.00 saved in his Plan account for retirement.

37.   In the time period between May 2009 when the assets in Russin's Plan account were misappropriated and April 2011 when Russin ceased working for SelectoFlash, the Dow Industrial Average rebounded approximately forty-five (45%) percent. Defendants' actions, therefore, further deprived Russin of gains he would have otherwise earned in his retirement account.

38.   Torlucci ceased working for SelectoFlash in April 2011. Upon his separation from SelectoFlash, he demanded payment of his deferred compensation from the Plan which Defendants SelectoFlash, Valerie Shondel and Joe Shondel denied.

39.   As of December 2009 when Torlucci's deferred compensation annuity was improperly cashed in to pledge as collateral for SelectoFlash's loan(s) with Valley National Bank,

8

Torlucci had approximately $110,000.00 saved in his Plan account for retirement.

40.    In the time period between December 2009 when the assets in Torlucci's Plan account were misappropriated and April 2011 when Torlucci ceased working for SelectoFlash, the Dow Industrial Average rebounded approximately eighteen (18%) percent. Defendants' actions, therefore, further deprived Torlucci of gains he would have otherwise earned in his retirement account.

41.    Defendants SelectoFlash, Valerie Shondel, Joe Shondel and Peepas failed to provide Russin and Torlucci any opportunity for a full and fair review of the denial of their claims for benefits.

**C.    Transfer of Assets to Peepas**

42.    Upon information and belief, during the same time period that SelectoFlash was experiencing great financial difficulties and unable to pay its debts as they became due, Defendants SelectoFlash, Valerie Shondel, Joe Shondel and Peepas agreed to transfer SelectoFlash assets to purchase SelectoFlash stock from her.

43.    Upon information and belief, from 2007 through 2009, Valerie Shondel, Joe Shondel and Peepas arranged for SelectoFlash to make dividend payments of approximately $400,000.00 to Valerie Shondel who in turn made payments to Peepas to purchase shares of SelectoFlash stock.

44.    At the time of these transfers or shortly thereafter, SelectoFlash became legally insolvent.    Upon information and

belief, as a result Valley National Bank required SelectoFlash to pledge Plaintiffs' Plan accounts as collateral for the loan(s).

### FIRST COUNT

**Claim for Benefits**
**ERISA §502(a)(1)(B)**
**(Against Valerie Shondel, Joe Shondel, Peepas and SelectoFlash)**

45.   Plaintiffs repeat and reallege the allegations set forth above as if fully set forth herein.

46.   The SelectoFlash Deferred Compensation Plan is an employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(2)(A) and (3) and the Plaintiffs are qualified participants in the Plan.

47.   Defendants have wrongfully denied benefits due Plaintiffs under the Plan in violation of ERISA §502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

48.   Defendants failed to provide Plaintiffs with adequate notice of the denial of their benefits, or a reasonable opportunity for a full and fair review of the denial of Plaintiffs' claim for benefits under the Plan in violation of ERISA §503, 29 U.S.C. § 1133.

49.   As a result of the foregoing, Plaintiffs have suffered damages.

50.   Plaintiffs are entitled to recover attorneys' fees and costs of suit if they prevail in this litigation pursuant to ERISA §502(g), 29 U.S.C. § 1132(g).

**WHEREFORE,** Plaintiffs demand that judgment be entered in their favor and against Defendants, awarding to Plaintiffs their compensatory damages, punitive damages, statutory damages and penalties, interest, attorneys' fees, costs of suit and such other relief as the Court deems appropriate.

## SECOND COUNT

### Breach of Fiduciary Duties
### ERISA §502(a)(2)
### (Against Valerie Shondel, Joe Shondel, Peepas and SelectoFlash)

51.    Plaintiffs repeat and reallege the allegations set forth above as if fully set forth herein.

52.    Defendants Valerie Shondel, Joe Shondel, Peepas and SelectoFlash are fiduciaries of the Plan as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  As such they owe to the Plan, its participants and beneficiaries extensive fiduciary duties including, without limitation:

(a)  To discharge their duties solely in the interest of the participants and beneficiaries for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan;

(b)  To conduct themselves as Plan fiduciaries with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent ERISA professional fiduciary would in operating and administering a plan of a like character and with like aims;

11

(c)  To perform their duties as fiduciaries with the utmost loyalty and fidelity to the Plan and its participants and beneficiaries, avoiding at all times conflicts of interest, self-interest and duplicity;

(d)  To ensure, at all times, that Plan assets shall never inure to the benefit of any employer;

(e)  To communicate with Plan participants and beneficiaries and provide honest, accurate and complete information regarding the operation and administration of the Plan.

53.    As set forth in detail above, upon information and belief, Valerie Shondel, Joe Shondel, Peepas and SelectoFlash breached their fiduciary obligations to Plaintiffs by one or more of the following acts, among other conduct to be proven at trial:

(a)  Pledging the Plan assets as collateral for the loan(s) with Valley National Bank for the benefit of SelectoFlash and therefore failing to ensure, at all times, that Plan assets shall never inure to the benefit of any employer;

(b)  Failing to communicate with Plan participants and beneficiaries regarding the Plan honestly, clearly and accurately;

(c)  Failing to exercise the care, skill, prudence and diligence that a prudent person would when acting in a like capacity and familiar with such matters.

54.     As a result of these breaches, Plaintiffs, the Plan and the Plan's participants and beneficiaries have suffered financial losses and damages.

55.     Pursuant to ERISA §409, 29 U.S.C. §1109, and ERISA §502(a), the Defendants are liable to restore to the Plan the losses that Plaintiffs, the Plan and the Plan's participants and beneficiaries have suffered as a direct result of the Defendants' breaches of fiduciary duty and are liable for any other available and appropriate equitable relief, including prospective injunctive relief and declaratory relief, and attorneys' fees.

**WHEREFORE**, Plaintiffs, on behalf of the Plan and all similarly situated Plan participants and beneficiaries, respectfully request that the Court:

(a) Find and declare that the Defendants have breached their fiduciary duties as described above;

(b) Order the Defendants to make good to the Plan all losses that the Plan incurred as a result of the conduct described above and to restore the Plan to the position it would have been in but for the breaches of fiduciary duty;

(c) Impose a constructive trust on any monies by which the Defendants were unjustly enriched as a result of their breaches of fiduciary duty and/or cause the Defendants to disgorge such monies and return them to the Plan;

(d) Remove any fiduciary who has breached his or her fiduciary duties and/or enjoin the fiduciary from future breaches of ERISA;

(e) Appoint an independent fiduciary to administer and manage the Plan;

(f) Award actual damages to the Plan in the amount of its monetary losses;

(g) Require Defendants to render an accounting of Plan assets;

(h) Order costs and attorneys' fees pursuant to ERISA §502(g);

(i) Order the payment of interest to the extent it is allowed by law; and

(j) Grant any other and further relief the Court deems appropriate.

### THIRD COUNT

### Breach of Contract
### (Against Valerie Shondel, Joe Shondel, Peepas and SelectoFlash)

56.    Plaintiffs repeat and reallege the allegations set forth above as if fully set forth herein.

57.    Defendants agreed to pay deferred compensation to Russin and Torlucci upon voluntary retirement (or age seventy (70) in the case of Russin), total disability, or termination of their employment.

58.    Defendants breached the parties' agreements when they failed to pay Plaintiffs the deferred compensation due upon their termination of employment.

59.    As result, Plaintiffs have been damaged.

**WHEREFORE,** Plaintiffs demand judgment be entered in their favor and against Defendants, awarding to Plaintiffs compensatory

damages, interest, attorneys' fees, costs of suit and other suit relief as the court deems appropriate.

### FOURTH COUNT

**Violation of N.J.S.A.§25:2-25, et seq. and Civil Conspiracy
(Against Valerie Shondel, Joe Shondel and Peepas)**

60.   Plaintiffs repeat and reallege the allegations set forth above as if fully set forth herein.

61.   Upon information and belief, Defendants engaged in a concerted action to assist in obstructing and defrauding SelectoFlash's creditors, including Plaintiffs.

62.   Upon information and belief, the Defendants acted together with an unlawful purpose.

63.   The overt acts that demonstrate the conspiracy are described in the preceding Paragraphs of this Amended Complaint.

64.   As set forth above, upon information and belief, assets of SelectoFlash were transferred to Defendant Peepas.

65.   Defendants' action of transferring SelectoFlash's assets to Peepas constituted a fraudulent conveyance pursuant to N.J.S.A. §25:2-25(a) because the transfers were made with actual intent to hinder, delay, or defraud SelectoFlash's creditors, including Plaintiffs.

66.   The transfers were to Peepas, an insider.

67.   At the time of the transfers or shortly thereafter, SelectoFlash became insolvent.

68.     Upon  information  and  belief,  some  of  the  transfers occurred  shortly  before  and  shortly  after  a  substantial  debt  was incurred by SelectoFlash.

69.     Each  of  the  individual  Defendants  knew  of,  and/or acquiesced in, this wrongful and fraudulent conduct.

70.     Each  of  the  individual  Defendants  benefitted  from  this wrongful conduct at the expense of Plaintiffs.

71.     The  transfer  of  assets  to  Peepas  was  in  violation  of N.J.S.A. § 25:2-25(b) in that they were:

(a)   made  without  receiving  a  reasonably  equivalent  value  in exchange for the transfer;

(b)   made  while  SelectoFlash  was  engaged  or  was  about  to engage  in  a  transaction  for  which  the  remaining  assets  of  the company were unreasonably small in relation to the transaction;

(c)   made  while  SelectoFlash  intended  to  incur,  or  believed  or reasonably should have believed that SelectoFlash would incur debts beyond the ability of SelectoFlash to pay as they became due.

72.     Defendants  were  unjustly  enriched  by  their  wrongful actions at the expense of Plaintiffs.

**WHEREFORE**  Plaintiffs  demand  judgment  be  entered  in  their  favor and against Defendants:

(a)   avoiding  the  transfers  to  the  extent  necessary  to  satisfy Plaintiffs' judgment;

(b)   issuing  an  attachment  or  other  provisional  remedy  against the  assets  transferred  or  other  property  of  the  transferee

16

defendant in accordance with the procedure prescribed by Chapter 26 of Title 2A of the New Jersey Statutes;

(c)  issue an injunction against further disposition by the Defendants of any of their property until the action is resolved;

(d)  appointing a receiver to take charge of the transferred assets; and

(e)  awarding to Plaintiffs compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and other relief as the court deems appropriate.

### FIFTH COUNT

### Tortious Interference with Contract
### (Against Valley National Bank)

73.   Plaintiffs repeat and reallege the allegations set forth above as if fully set forth herein.

74.   Under the terms of Plaintiffs' respective Plan Agreements with SelectoFlash, Plaintiffs were to receive deferred compensation upon voluntary retirement, total disability, or termination of employment.

75.   Valley National Bank knew or was placed on notice of Plaintiffs' participation in the Plan with SelectoFlash when Defendants pledged the Plan's assets as collateral for the loan(s) with Valley National Bank.

76.   Upon information and belief, despite knowing of Plaintiffs' participation in the Plan through the Plaintiffs' Plan Agreements with SelectoFlash, Valley National Bank demanded the

Plan's assets be pledged as collateral for the loan(s) to SelectoFlash.

77.    Valley National Bank wrongfully and intentionally interfered with Plaintiffs' expectation in the Plan's benefits by executing against the Plan assets.

78.    But for Valley National Bank's wrongful and intentional interference, Plaintiffs would have received payment of their deferred compensation from SelectoFlash.

79.    Plaintiffs have been damaged by Valley National Bank's interference.

**WHEREFORE**, Plaintiffs demand judgment be entered in their favor and against Defendant Valley National Bank, awarding to Plaintiffs compensatory damages, interest, attorneys' fees, costs of suit and other relief as the court deems appropriate.

## SIXTH COUNT

### Common Law Conspiracy
### (Against all Defendants)

80.    Plaintiffs repeat and reallege the allegations set forth above as if fully set forth herein.

81.    Upon information and belief, Defendants engaged in a concerted action to commit the wrongful acts detailed above in order to unjustly enrich themselves at the expense of Plaintiffs.

82.    As a result, Plaintiffs have been damaged.

**WHEREFORE**, Plaintiffs demand that judgment be entered in their favor and against the Defendants, awarding to Plaintiffs their

compensatory damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems appropriate.

## SEVENTH COUNT

### Constructive Trust
### (Against Valley National Bank)

83.   Plaintiffs repeat and reallege the allegations set forth above as if fully set forth herein.

84.   Under the terms of Plaintiffs' respective Plan Agreements with SelectoFlash, SelectoFlash made contributions to a deferred annuity fund for Plaintiffs which consisted of their accrued and deferred compensation over the course of their employment with SelectoFlash.

85.   Defendants Valerie Shondel and Joe Shondel wrongfully misappropriated the funds representing Plaintiffs' deferred compensation when they caused SelectoFlash to cash in the annuity fund to pledge as collateral for a loan with Valley National Bank.

86.   As a result, Defendant Valley National Bank was unjustly enriched when it executed against the deferred compensation funds belonging to Plaintiffs.

87.   Accordingly, a constructive trust should be imposed against these funds.

**WHEREFORE**, Plaintiffs demand judgment be enter in their favor and against Defendant, awarding to Plaintiffs compensatory damages, interest, attorneys' fees, costs of suit and other suit relief as the court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Paul S. Doherty, III, the undersigned attorney of record for Plaintiffs, do hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative hearing, with the exception of the following matters.

On January 10, 2012, defendant Valerie Shondel filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§101-1330 in the United States Bankruptcy Court for the District of New Jersey, which has been assigned a case number of 12-10495-RG, pending before the Honorable Rosemary Gambardella.

On February 23, 2012, defendant SelectoFlash, Inc. filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§101-1330 in the United States Bankruptcy Court for the District of New Jersey, which has been assigned a case number of 12-14421-MS, pending before the Honorable Morris Stern.

The Plaintiffs acknowledge that the automatic stay currently applies to Plaintiffs' claims against Valerie Shondel and

SelectoFlash and Plaintiffs will not pursue their claims against these Defendants unless and until the stay is lifted.

                                        **HARTMANN DOHERTY ROSA**
                                        **BERMAN & BULBULIA, LLC**
                                        Attorneys for Plaintiffs


                                        By: _____
                                            Paul S. Doherty, III

Dated: March 26, 2012